**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

CALVIN RAY MCDANIEL PLAINTIFF

v. 3:12CV00213-JLH-JTK

MIKE ALLEN, et al. DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

This matter is before the Court on Defendants' Motion for Summary Judgment (Doc. No. 29), to which Plaintiff has responded (Doc. No. 33).

Plaintiff McDaniel is an inmate incarcerated at the Crittenden County Detention Facility (Jail), who filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges Defendants violated his Eighth Amendment right by acting with deliberate indifference to his serious medical needs when he broke his wrist. He asks for monetary relief from Defendants Ronnie Coleman, the Jail Administrator; Theresa Bonner, the Chief Jailer; and Mandy Childress, a medical assistant at the Jail.

According to his Amended Complaint, Plaintiff was arrested on April 30, 2012, and transported to the Jail (Doc. No. 4, p. 1).[1] On May 1, 2012, after he contacted Jail officials about

[1] In his deposition, Plaintiff states that he fled from authorities on April 30, 2012, and fell and injured his arm after they tased him (Doc. No. 31-5, p. 4).

an injury to his wrist, Defendant Childress examined him and arranged for him to be taken to an outside clinic for x-rays. (Id.) At the clinic, a nurse told him his wrist was broken and that he would need a cast. (Id.) A couple of days later he wrote to Defendant Childress and asked when he would visit the doctor, but she was unable to give him a date. (Id.) He then filed grievances with Defendants Bonner and Coleman, who responded that an appointment was scheduled. (Id.) He wrote a second grievance on May 21, 2012, the same day he was taken to a doctor, who put a brace on his wrist. (Id., p. 2.) Plaintiff claims that he was injured by the delay in treatment from May 1, 2012, until he saw the doctor on May 21, 2012.

**II. Summary Judgment Motion**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

**A. Official Capacity/County Liability**

Initially, the Court agrees with Defendants' argument that as county officials, they are not liable to Plaintiff in their official capacities, because he does not allege that the unconstitutional acts were the result of a County or Jail policy, custom or practice.[2] See Kentucky v. Graham, 473 U.S. 159, 165-166 (1985); Turney v. Waterbury, 375 F.3d 756, 761-762 (8th Cir. 2004).

**B. Respondeat Superior Liability**

Next, the Court finds that Plaintiff's allegations against Defendants Bonner and Coleman should be dismissed, as based on respondeat superior liability.[3] Plaintiff testified in his deposition that he sued Defendants Bonner and Coleman because he was not taken to the doctor until twenty days after he sent them a grievance. (Doc. No. 31-5, p. 8.) In order to support a claim against a Jail Administrator, Plaintiff must plead and prove the individual was personally involved in the alleged unconstitutional actions or failed to intervene to prevent a constitutional violation. Webster v. Gibson, 913 F.2d 510, 514 (8th Cir. 1990). As noted by Defendants, however, Plaintiff cannot provide proof that these two individuals, who are not medically-trained personnel, were involved in his medical care and treatment, or acted to prevent him from receiving needed treatment. In addition, there is no constitutional right to receive a response to a grievance. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam). Having reviewed the grievances Plaintiff filed, the Court notes that he received responses to both, indicating that he was scheduled for an appointment with a doctor. (Doc. No. 31-2, pp. 6-7.) Therefore, the Court finds no allegations of direct personal involvement by Defendants Coleman and Bonner, and that they should be dismissed.

---

[2]Plaintiff does not address this issue in his Response.

[3]Plaintiff also does not address the respondeat superior issue in his Response.

**C. Deliberate Indifference**

**1. Defendants' Motion**

Defendant Childress states Plaintiff cannot support an Eighth Amendment claim against her because he cannot provide proof that she acted with deliberate indifference to his serious medical needs. According to Plaintiff's Jail medical records and Defendant Childress' Affidavit, she arranged for Plaintiff's transport to an outside medical clinic on May 1, 2012, for x-rays to his left hand and arm. (Doc. Nos. 31-1, p. 1; 31-2, p. 2). Plaintiff returned to the Jail without a cast or splint and according to the radiograph report, was diagnosed with a non-displaced fractured distal radius (arm). (Doc. Nos. 31-1, p. 1; 31-3, p. 1.) Childress states in her Affidavit that according to her experience, the West Memphis hospital emergency room does not place hard casts on broken bones, and therefore, she called the Office of Dr. L'Heureux, a local orthopedic doctor to schedule an appointment for Plaintiff.[4] Defendant Childress was instructed by a nurse in his office to immobilize Plaintiff's arm until his appointment on May 21, 2012, which was the first available appointment. (Doc. No. 31-1, p. 2.) Childress then immobilized Plaintiff's arm with a "sam splint" and ACE bandage, which operates the same way as a hard cast and immobilizes a fractured bone. (Id.) The next day, May 2, 2012, Dr. Shrader prescribed Ultram (Tramadol) to Plaintiff for his pain, and Plaintiff began receiving it on May 3, 2012. (Id., Doc. No. 31-2, pp. 3-4.)

Defendant saw Plaintiff again in the clinic on May 7, 2012, at which time she noted no swelling and re-wrapped his wrist. (Doc. No. 31-2, p. 5.) In response to the May 12, 2012 grievance, Defendant notified Plaintiff that an appointment was scheduled with a physician. (Id.,

---

[4]Defendant also stated in her response to Plaintiff's discovery request that Dr. L'Heureux is the only orthopedic doctor in the area who will treat inmates from the Jail (Doc. No. 33, p. 2.)

p. 6.) Defendant Childress again re-wrapped Plaintiff's arm on May 15, 2012, and on May 21, 2012 he was taken to the orthopedic physician, Dr. L'Heureux. (Id., p. 7; 31-4, pp. 2-4.) Dr. L'Heureux noted that the fracture "presents with callus formation, evidence of bony growth, good alignment and radiographic evidence of healing. The fracture does not presents (sic)with change in position. There is no dislocation." (Doc. No. 31-4, p. 4.) He fitted Plaintiff with a wrist splint for an additional three weeks, and on June 1, 2012, Plaintiff requested release from the medical area of the Jail to general population, so that he could begin work as a trustee. (Id., Doc. No. 31-1, p. 3.)

Based on the sequence of events, Defendant Childress states that Plaintiff's allegations against her represent a disagreement over the type of treatment received, which does not support a constitutional claim. Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993). In addition, he provides no proof of a detrimental effect that the alleged delay in treatment had on the healing of his arm. Laughlin v. Schriro, 430 F.3d 927, 929 (8th Cir. 2005). Finally, she states she is protected from liability by qualified immunity, because Plaintiff provides no evidence that she violated clearly-established law in her medical treatment.

**2. Plaintiff's Response**

Plaintiff claims that Defendant Childress should have followed standard Jail procedures in an emergency and sent him immediately to the hospital emergency room on May 1, 2012. He refers to the Jail policy concerning emergency health care, which provides that emergency medical situations should receive immediate attention and defines an emergency medical situation as: " Any perceived life or health threatening condition, including but not limited to; severe bleeding, unconsciousness, serious breathing difficulties, head injury, severe pain, suicide attempt, onset of unusual behavior, or severe burns." (Doc. No. 33, p. 7.) He also claims that Defendant perjured

herself in her discovery responses when she stated that she contacted Dr. L'Heureux's office and followed their instructions to mobilize his arm until the next available appointment. (Id., p. 18.) He states that the medication Dr. Shrader prescribed was a low dosage, and did not ease his pain, and that he never met or was examined by Dr. Shrader. Finally, he questions Defendants' statement concerning her familiarity with the hospital procedures and her decision not to send him to the emergency room.

### 3. Analysis

It is unclear to the Court whether Plaintiff was a pretrial detainee at the time of the incident at issue. If so, the due process standard of the Fourteenth Amendment applies to determine the constitutionality of his conditions of confinement. Bell v. Wolfish, 441 U.S. 520, 535 (1979). In the Eighth Circuit, however, the standards applied to such claims are the same as those applied to Eighth Amendment claims. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994). Therefore, in order to support an Eighth Amendment claim for relief, Plaintiff must allege that Defendants were deliberately indifferent, that is, that they knew of, and yet disregarded, an excessive risk of harm to Plaintiff's health and safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment). Furthermore, prison physicians are entitled to

exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds), quoting Hill v. Dekalb Regional Youth Detention Ctr., 40 F.3d 1176, 1188 (11th Cir. 1994). Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240.

Having reviewed Plaintiff's Amended Complaint, the Motion, Response, and exhibits presented, the Court finds no dispute of material fact and that Defendant Childress' treatment of Plaintiff did not rise to the level of deliberate indifference. It is clear from the medical records that Defendant arranged immediately upon Plaintiff's complaint for his transport to a clinic for an x-ray, and upon his return, immobilized his arm. Defendant also responded to all Plaintiff's requests for re-wrapping and provided Plaintiff with pain medication. Although Plaintiff complains in his response that the pain medicine did not work, he Plaintiff provides no proof that he complained about the inefficiency of the pain medication or asked for an alternative. In addition, Plaintiff provides no medical evidence that the twenty days between the x-ray and the doctor's visit resulted in a detriment to his physical health and condition. Plaintiff does not claim that Defendant intentionally disregarded any of his medical needs, and therefore, does not support an Eighth Amendment deliberate indifference claim against her.

**D. Qualified Immunity**

Defendants also move for summary judgment based on the doctrine of qualified immunity, which protects officials who acted in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether a defendant is entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009); see also Saucier v. Katz, 533 U.S. 194, 201 (2001).[5] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Upon close review of the medical records and the evidence in support of the Motion for

[5] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson v. Correctional Medical Services, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

Summary Judgment, the Court finds that all Defendants acted reasonably under the circumstances. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right.

## III. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 29) be GRANTED and Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 12th day of June, 2013.

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE